UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GALE EDWARD WEST,

        Plaintiff,

v.

SUE RAHR, et.al.,

        Defendants.

Case No. C08-1619-TSZ-BAT

REPORT AND
RECOMMENDATION

This matter comes before the Court on defendants Sue Rahr, Reed Holtgeerts, and King County's motion for summary judgment. Dkt. 10. Gale West, plaintiff, is a civil detainee currently confined at the Special Commitment Center ("SCC") at McNeil Island. He has filed a *pro se* 42 U.S.C § 1983 complaint alleging defendants violated his constitutional rights under the Fourteenth Amendment. Dkt. 1.

Having considered defendants' summary judgment motion, plaintiff's response, defendants' reply, and the balance of the record, the Court recommends defendants' motion for summary judgment be **GRANTED** and that the claims against the named defendants and unnamed King County employees, JOHN DOES 1-10 be **DISMISSED.**

## I. BACKGROUND

**A. PLAINTIFF'S CLAIMS**

In 2002, the King County Superior Court ordered plaintiff confined at the SCC, a secure facility, pending a trial to determine whether plaintiff was a sexually violent predator. Dkt. 11, ex.

B. On January 24, 2007, plaintiff was transported to the King County Jail ("KCJ") to begin his trial in Superior Court. Between that date and February 13, 2007, plaintiff was held intermittently at the KCJ.[1] Plaintiff claims that while he was at KCJ, defendants violated his due process rights by:

    a. "[D]enying plaintiff to more considerate treatment and conditions of confinement than prisoners whose conditions of confinement are designed to punish." Dkt. 1 at 11.

    b. "Act[ing] in an arbitrary and capricious manner, with deliberate indifference by subjecting plaintiff to conditions that amount to punishment." *Id.*

    c. "[D]isregarding their obligations to perform their official duties as directly prescribed in Plaintiff's court order." *Id.* at 12.

    d. "[T]heir negligent acts and/or omissions that breached their duty to Plaintiff." *Id.*

In support of these claims, plaintiff alleges he was held with pre-trial criminal detainees and convicted inmates and was treated with contempt based on his status as a civil detainee. He alleges he was subjected to conditions of confinement similar to or worse than the typical criminal prisoner. Dkt. 1 at 5. Specifically, he alleges that except for January 31, 2007, he was not "allowed or able to take a shower throughout the entire time he resided at the KCJ." *Id*. at 8.

Plaintiff contends the King County Superior Court ordered that plaintiff could "receive" at KCJ a hairbrush, skin lotion, toothpaste, toothbrush and deodorant that he had brought with him from the SCC but that he did not receive these items. *Id.* at 6.

Plaintiff alleges on the evening of February 5, 2007, after trial, he was taken to his isolation cell on to find the water to his cell was shut off. When plaintiff asked the officer on duty to turn the water back on, the officer responded "I'll see what I can do." *Id.* at 8. However, "the

---

[1] Plaintiff spent approximately10 days in the King County Jail: January 24-25; January 30 to February 1, 2009; February 5-8; and February 12-13. *See* Dkt. 1.

REPORT AND RECOMMENDATION – 2

water was not turned back on until sometime on the 6th of February while Plaintiff was at trial." *Id.*

Finally, plaintiff alleges that "outside from being held in a holding cell alone or with others from SCC . . . there was no difference than how Plaintiff and everyone else residing there were treated." *Id.* at 10. Plaintiff also contends he did not have access to a "legal computer" typewriter, legal documents, and "Legal library," and that "being mistreated and intimidated, under the color of law, has become the custom, the method and common practice (the norm) used against those of us who arrive at the King County Detention Center for commitment trials." *Id.*

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). The moving party can carry its initial burden by establishing that the nonmovant lacks the quantum of evidence needed to satisfy his burden of persuasion at trial. *Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir. 2001).

Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the

non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

**B. EXHAUSTION OF REMEDIES**

Defendants contend that plaintiff's complaint should be dismissed because plaintiff failed to exhaust his administrative remedies as required by the prison litigation reform act (PLRA). Dkt. 10 at 19. The Court disagrees. The PLRA exhaustion requirement applies only to "prisoners." A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). As a civil detainee, plaintiff was not a person "incarcerated or detained" in this manner at the time he filed his complaint and is not a "prisoner" as defined by the statute. He is therefore, not subject to the exhaustion requirement. *See Page v. Torrey*, 201 F.3d 1136, 1137(9th Cir. 2000) (holding that a person civilly committed under California's Sexually Violent Predators Act is not subject to the PLRA's exhaustion of remedies requirement).

**C. ANALYSIS OF PLAINTIFF'S CLAIMS**

    **1. Elements of a § 1983 Claim**

To state a claim under § 1983, a plaintiff must allege facts showing that (1) the conduct about which he complains was committed by a person acting under the color of state law, and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must

REPORT AND RECOMMENDATION – 4

allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**2. Liability of Defendant King County**

Defendant contends, and plaintiff concedes, that plaintiff has failed to state a claim against King County and that claims against this defendant should be dismissed. Dkt. 10 at 21; Dkt. 18 at 14. A municipality, such as King County, is liable in a § 1983 action only when the municipality inflicts an injury; it may not be held liable under a respondeat superior theory. *Monell v. New York City Dept. of Soc. Servs*, 436 U.S. 658, 694 (1978). To hold a municipality liable for a constitutional injury, a plaintiff must show that the municipality itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690).

Plaintiff has failed to allege any facts as to a King County custom, or policy that caused the injuries of which he complains. Accordingly, plaintiff's allegations do not support a claim against King County and the claims against this defendant should be dismissed.

**3. Liability of Defendants Sue Rahr and Reed Holtgeerts**

Plaintiff has sued King County Sheriff Sue Rahr contending she is "responsible for policies and operations of the King County Detention Center and its employees." Dkt. 1 at 3. Plaintiff has also sued Reed Holtgeerts, Director of KCJ, contending he is responsible for the "day-to-day operations of the jail." *Id.* Defendant contends Rahr and Holtgeerts violated his rights while acting in their individual and official capacities. *Id.*

REPORT AND RECOMMENDATION – 5

As with § 1983 municipal liability, § 1983 supervisory liability cannot be based on respondeat superior. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Hence plaintiff's allegations that Rahr and Holtgeerts are responsible for their employees and the operation of the jail, alone are insufficient to state a § 1983 against these defendants. Rather, to state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154, (1999). Because vicarious liability is inapplicable to a § 1983 suit, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1948 (2009). Here, plaintiff has not alleged facts that Rahr or Holtgeerts participated in or knowingly failed to prevent a violation of his constitutional rights and has thus failed to establish that either is liable in their individual capacities.

Plaintiff has also failed to establish Rahr and Holtgeerts are liable in their official capacities. These defendants are employed by King County. A claim against a municipal official in his official capacity is treated as a claim against the entity itself. *Kentucky v. Graham*, 472 U.S. 159, 166 (1985). Because plaintiff has failed to state a claim against King County, he has also failed to state a claim that Rahr and Holtgeerts violated his rights while acting in their official capacities. Accordingly, all claims against Rahr and Holtgeerts should be dismissed.

///

**4. Liability of Defendants JOHN DOES 1-10**

Plaintiff's complaint also alleges that unnamed King County employees, JOHN DOES 1-10, violated his constitutional rights.

**a. Conditions of Confinement and Deliberate Indifference Claim**

Plaintiff was confined at the KCJ as a civil detainee. He agrees that placement at the KCJ is not a violation of his constitutional rights. Dkt. 18 at 8. He also agrees that certain deprivations from being housed at KCJ, including being held with other inmates, and denial of access to the typewriters and the library, personal clothing in the jail and phone access do not violate the constitution. *Id.*

What plaintiff contends is the defendants violated his due process rights by arbitrarily and capriciously denying him more considerate treatment and conditions of confinement than criminal prisoners and with deliberate indifference subjected him to conditions that amount to punishment. Dkt. 1 at 11. Specifically, plaintiff first contends that on February 5, 2007, he was placed in a cell at 5:00 pm that had no running water and that he remained in that cell until the next morning.

Second, plaintiff contends that other than on January 31, 2007, he was denied the chance to shower. Plaintiff's complaint indicates there were three days in which he was not allowed to shower at any time. On January 24, 2007, plaintiff arrived at KCJ from SCC. Ostensibly, he was able to take a shower at SCC before arriving at KCJ to begin his trial. Plaintiff alleges he was not allowed a shower on January 25. However, he left KCJ on the 25th and ostensibly was able to shower when he returned to SCC later that day. Dkt. 1 at 6. On January 30, 2007, plaintiff arrived from SCC. Ostensibly, he was able to take a shower at SCC before arriving at KCJ to begin trial. On January 31, 2007, plaintiff states he showered before trial. *Id.* at 7. Plaintiff alleges he was not allowed to shower at KCJ on February 1 and February 2, 2007. However, plaintiff returned to

REPORT AND RECOMMENDATION – 7

SCC on February 2, 2007 and ostensibly was able to shower then. On February 5, 2007, plaintiff arrived at KCJ and ostensibly was able to shower at SCC before he left that facility. *Id*. at 8. Plaintiff alleges he was denied showers on February 6, 7, and 8, 2007 at KCJ. Because plaintiff returned to SCC on the 8th, he ostensibly was able to shower then. On February 12, 2007, plaintiff arrived at KCJ and ostensibly was able to shower at SCC before he left that facility. *Id*. at 9. On February 13, 2007, plaintiff was denied a shower but ostensibly was able when he returned to SCC later that day. Thus, it appears that plaintiff was unable to shower on three separate days: February 1, 6, and 7.

Adequate water and sanitation are basic human needs protected by the Eighth Amendment.[2] *See Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). However, not every deprivation violates the Eighth Amendment; only deprivations which are objectively "sufficiently serious" violate the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The circumstances, nature, and duration of a deprivation must be considered in determining whether a constitutional violation has occurred. "The more basic the need, the shorter the time it can be withheld." *Hoptowit*, 682 F.2d at 1259. Evidence of a substantial deprivation of drinking water could show "harm of sufficient magnitude to satisfy the objective prong of an Eighth Amendment violation." *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir.2000).

Here there is no indication that because it was unusually hot in plaintiff's cell, deprivation of water even for a few hours would be sufficiently serious to violate the constitution. There is no indication that plaintiff had a special medical condition that required a steady supply of water or

---

[2] Because plaintiff was not confined at KCJ as a convicted criminal, his claim is analyzed under the Fourteenth Amendment substantive Due Process Clause rather than the Eighth Amendment. However, comparable standards apply to both Eighth Amendment cruel and unusual punishment claims and Fourteenth Amendment substantive due process claims, with the Fourteenth Amendment analysis borrowing from Eight Amendment standards. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

REPORT AND RECOMMENDATION – 8

that plaintiff suffered any ill effects or was unable to attend his trial the next day. There is also no indication that the lack of a shower on three separate days rises to a level that would violate the Eighth Amendment. To be sure, plaintiff indicates he felt uncomfortable and unkempt, and that he smelled bad. Not showering for a few days would certainly be unpleasant but did not expose plaintiff to excessive risk to his health or safety and is thus not egregious enough to rise to the level of a constitutional violation. While the Court does not condone plaintiff's deprivation of running water for one night or lack of any shower on three separate days, the Court concludes that under the circumstances presented, these deprivations do not violate the Eighth or Fourteenth Amendments.

### b. Contemptuous Behavior Claim

Plaintiff alleges defendants treated him with contempt based on his status as a civil detainee. A conclusory allegation of contemptuous treatment does not state a claim for relief under § 1983. Plaintiff does not allege any defendant actually told him they were treating him in a certain manner based on his status. Plaintiff does not allege any defendant made "disrespectful and assaultive comments" to him. Even if he had, verbal harassment generally does not violate the Eighth Amendment. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Only in a truly extraordinary case might statements by prison staff to prisoners violate the Eighth Amendment. Even threats of physical harm do not violate constitutional standards. *See, e.g., Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam). Accordingly, the Court concludes plaintiff has not stated a claim for relief based on alleged contemptuous conduct by defendants.

### c. Negligent Breach of Duties Owed to Plaintiff Claim

Negligence violates neither the Eighth Amendment nor the Due Process Clause. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986).

Consequently, plaintiff's claims that the defendants were negligent in duties owed to him does not state a claim under § 1983 and should be dismissed.

### d. Disregard of Court Order Regarding Plaintiff's Toiletries Claim

The King County Superior Court ordered that on February 5, 2007 and February 12, 2007, plaintiff be transported from the SCC to KCJ "with his hairbrush, skin lotion, toothpaste, toothbrush, and deodorant." Dkt. 11, ex. I. Plaintiff contends he never received these items and that the defendants' failure to comply with this order violated his due process rights. This claim involves two separate inquires. First, is the violation of a state court order, alone, actionable under § 1983. The short answer is no. Section 1983 does not provide a cause of action for violations of state law unless the violation of state law causes the deprivation of a right protected by the United States Constitution. *See Ove v.* Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).

Second, is deprivation of toiletries actionable. Under the Eight Amendment, indigent inmates have the right to hygiene supplies such as toothbrushes and soap. *See Hoptowit*, 682 F.2d at 1246. Plaintiff, however, does not allege defendants failed to provide adequate or appropriate hygiene items. Indeed he has not presented any evidence contravening defendants' claim that plaintiff was provided with hygiene items and toiletries at KCF. While the constitution requires indigent individuals to be provided with toothbrushes, soap and other necessities, it does not require a jail to provide the indigent individual with the necessities of the individual's choosing. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, § 1983 offers no redress." *Ove v. Gwinn*, 264 F.3d at 824. (citation omitted). Accordingly, defendants' failure to provide plaintiff with the toiletries he brought with him from the SCC to the KCJ, pursuant to the Superior Court order, does not state a claim under § 1983.

REPORT AND RECOMMENDATION – 10

### e. Denial of Access to Law Library and Legal Computer Claim

Plaintiff contends that at KCJ, he was denied access items to prepare for his case such as "legal documents, typewriter, law library, etc." Dkt. 18 at 2, Dkt. 1 at 5. The Court construes this as a First Amendment right to access to the courts claim. Prisoners have a constitutional right of access to the courts. S*ee Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must show he or she suffered an actual injury. *Id.* at 349. An actual injury requires a showing of actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim. *Id*. at 349-51. Additionally, the right of access to the courts includes a right to paper and pen to draft legal documents. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). But it does not include the ability to use a typewriter. *Lindquist v. Idaho State Bd. Of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985).

Here, while he was held at KCJ, plaintiff was represented by two lawyers, Pete McDonald and Brent Hart. Dkt. 11, ex. I (see February 7, 2007 order of transport). Plaintiff has not alleged that because he was denied access to the law library, etc. that he was unable to meet a filing deadline or present a claim, or that he suffered any actual prejudice with respect to litigation. Accordingly, plaintiff has failed to state a claim upon which relief can be granted and the claim should be dismissed.

### D. AMENDMENT OF COMPLAINT

Because plaintiff has failed to state a claim on which relief may be granted, the Court concludes that plaintiff's claims against the John Doe defendants should also be dismissed. Where a pro se litigant's complaint fails to state a claim on which relief may be granted, he is entitled to an opportunity to amend the complaint unless it is clear that the deficiency cannot be cured. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, as discussed

above, even if the Court assumes defendants disregarded the Superior Court order that plaintiff be provided his personal toiletries, denied him showers on three separate days, running water for one night, and access to the law library and typewriter, made rude remarks to plaintiff, and acted in a negligent manner, the complaint fails to state a claim upon which relief may be granted.

If plaintiff believes that these defects can be cured by amendment to his complaint, he should lodge an amended complaint, as part of his objections, if any, to this Report and Recommendation.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motions to dismiss be GRANTED and that plaintiff's claims against all defendants be DISMISSED. A proposed order accompanies this Report and Recommendation.

DATED this 25th day of August, 2009.

<u>s/ BRIAN A. TSUCHIDA</u>
United States Magistrate Judge

REPORT AND RECOMMENDATION – 12